IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| XIAFEN CHEN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:19-cv-00045<br><br>District Judge Timothy S. Black |

**UNITED STATES OF AMERICA'S MOTION TO STRIKE AMENDED COMPLAINT & RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT AS A MATTER OF RIGHT**

Defendant the United States of America respectfully moves to strike Plaintiff Xiafen Chen's Amended Complaint (ECF No. 12) and further requests that the Court deny Plaintiff's Motion for Leave to Amend the Complaint as a Matter of Right (ECF No. 13). Plaintiff is not entitled to amend her Complaint as a matter of course because she filed the Amended Complaint more than 21 days after Defendant served its Motion to Dismiss.

A memorandum in support of this Motion follows.

                                                                           Respectfully submitted,

                                                                           BENJAMIN C. GLASSMAN
United States Attorney

     s/ Matthew J. Horwitz
MATTHEW J. HORWITZ (0082381)
KEVIN A. KOLLER (NY 5180609)
Assistant United States Attorneys
Attorneys for the United States of America
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513)684-3711
Email: Matthew.Horwitz@usdoj.gov
Email: Kevin.Koller@usdoj.gov

**MEMORANDUM IN SUPPORT**

Plaintiff is not entitled to amend her Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1) because more than 21 days passed between when the United States filed its Motion to Dismiss (ECF No. 8) and when Plaintiff filed her Amended Complaint on the docket without leave of the Court (ECF No. 12). The Court should strike Plaintiff's Amended Complaint and deny her Motion for Leave to Amend the Complaint as a Matter of Right. If Plaintiff wishes to amend her Complaint, she must seek leave of the Court pursuant to Rule 15(a)(2). The United States anticipates it would oppose many, if not all, of the proposed amendments on the ground that the amendments would be futile. If the Court determines that Amendment Complaint is properly filed, the United States respectfully requests an extension of 60 days, to and including August 20, 2019, to file a motion to dismiss or answer to Plaintiff's Amended Complaint.

**I.      FACTS**

Plaintiff filed her original Complaint on January 18, 2019. The Complaint named the United States as the sole Defendant and raised claims for malicious prosecution and false arrest under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680. The United States timely moved to dismiss for failure to state a claim on April 26, 2019.[1] (Mot. to Dismiss, ECF No. 8.) Plaintiff's original deadline to file an opposition to the Motion to Dismiss was May 17, 2019. On May

---

[1] On April 1, 2019, the parties jointly stipulated pursuant to Local Rule 6.1 to extend the United States' time to respond to the Complaint from April 5, 2019 to April 26, 2019. (ECF No. 6.)

21, 2019, Plaintiff moved to extend her time to respond and requested a new response deadline of June 7, 2019. (ECF No. 9.) The United States did not oppose the motion, and the Court granted the motion by notation order on May 22, 2019.

On June 7, 2019, Plaintiff filed an Amended Complaint on the docket. (Am. Compl., ECF No. 12.) The Amended Complaint added three new *Bivens* claims against five named individual defendants and an unspecified number of "John Does." (*Id.* ¶¶ 169–179, 186–191.) Immediately after filing the Amended Complaint, Plaintiff requested that the Clerk of Court issue summons against the named individual defendants.[2] (ECF No. 11.) Approximately six hours after filing the Amended Complaint, Plaintiff filed a Motion for Leave to Amend the Complaint as a Matter of Right. (Mot. to Amend/Correct, ECF. No. 13.) The Motion asserts that, "[p]ursuant to Federal Rule of Civil Procedure 15(a), plaintiff can amend her original complaint in this action as a matter of course within the period to respond to the motion to dismiss." (*Id.* ¶ 2.) While the motion states that the proposed Amended Complaint is attached, it did not include any attachments. (*See id.*)

## II.   ARGUMENT

The Court should strike Plaintiff's Amended Complaint from the docket because Plaintiff is not entitled to amend her Complaint as a matter of course pursuant to Rule 15(a)(1). Rather, if Plaintiff wishes to amend her Complaint more than 21 days after service of United States' Motion to Dismiss, she must seek leave

---

[2] The Clerk of Court issued those summonses on June 10, 2019. (ECF No. 14.)

2

of the Court under Rule 15(a)(2) and attach the proposed Amended Complaint to that motion.

    A.  <u>Motion to Amend Standard</u>.

Federal Rule of Civil Procedure 15 provides that a plaintiff may amend its complaint once as a matter of course within:

> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). The Advisory Committee Notes provide additional context on the right to amend as a matter of course:

> [T]he right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f). This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings.

*Id.*, advisory committee's notes to 2009 amendment. The deadlines to amend a complaint and to respond to a motion to dismiss are separate and distinct—an extension of time to respond to a motion to dismiss does not extend the time in which a plaintiff may amend as a matter of course. *See Webb v. Republic Bank & Trust Co.*, No. 3:11-cv-423, 2012 WL 2254205, at \*2 (W.D. Ky. June 15, 2012) (collecting cases); *Hayes v. District of Columbia,* 275 F.R.D. 343, 345 (D.D.C. 2011); *Harrington v. City of Attleboro*, 172 F. Supp. 3d 337, 351 (D. Mass. 2016); *McClure v. CitiMortgage, Inc.*, No. 3:12-cv-105, 2012 WL 13024671, at \*1 (N.D. Ga., Sept. 14,

3

2012); *Faust v. Northfield Bd. of Educ.*, Civ. No. 12-0274, 2012 WL 3821886, at *2 n.3 (D.N.J. Sept. 4, 2012). *But see Tucker Auto-mation of N.C., LLC v. Russell, Rutledge & Rutledge Commercial, LLC*, No. 1:15-cv-893, 2016 WL 11590593, at *3 (M.D.N.C Sept. 23, 2016) (noting that some district courts have accepted amended complaints under Rule 15(a)(1) where plaintiff received an extension of time to respond to a motion to dismiss without requesting an extension of time to file the amended complaint).

When the time period in which to amend as a matter of course has passed, a plaintiff may amend its complaint only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2); *see also NECA-IBEW Pension Fund ex rel. Cincinnati Bell, Inc. v. Cox*, No. 1:11-cv-451, 2011 WL 6751459, at * 2 (S.D. Ohio Dec. 22, 2011) (granting motion to strike amended complaint that was filed without leave of the court more than 21 days after service of motion to dismiss). When moving a court for leave to file an amended complaint under Rule 15(a)(2), a plaintiff must include the substance of the proposed amendments with the motion. *See Nuovo v. Ohio State Univ.*, No. 2:09-cv-312, 2009 WL 2591687, at *2 (S.D. Ohio Aug. 20. 2009) (*citing Roskam Baking Co. v. Lanham Machinery Co.*, 288 F.3d 895, 906 (6th Cir. 2002)). A court should freely give leave when justice so requires, but should deny leave "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, at 294 (6th Cir.2010) (citation omitted); *see also United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 842 F.3d 430, 440

4

(6th Cir. 2016) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." (citation omitted)).

B. <u>Plaintiff Is Not Entitled to Amend Her Complaint as a Matter of Course</u>.

The Court should strike the Amended Complaint Plaintiff filed on the docket without leave because she filed it 42 days after the United States served its motion to dismiss—well beyond the time limits set forth in Rule 15(a)(1)(B). Plaintiff had until May 17, 2019—21 days after the United States served its moved to dismiss—to amend her Complaint as a matter of course. Plaintiff took *no action* during this period. Rather, four days later, on May 21, 2019 she moved to retroactively extend her time to respond to the Motion to Dismiss from May 17 to June 7, 2019. The Court's May 22, 2019 Notation Order granting the motion extended only her time to respond to the motion to dismiss. *Accord Webb,* 2012 WL 2254205, at *2; *Hayes,* 275 F.R.D. at 345. While some district courts treat timely filed motions to extend the time to respond to a motion to dismiss as also extending the time in which to file an amended complaint, *see Rider v. HSBC Mortg. Corp.*, No. 2:12-cv-925, 2013 WL 992510, at *3 (S.D. Ohio Mar. 13, 2013), that option is not available here because the 21-day amendment window had already passed when Plaintiff filed her motion for additional time and Plaintiff made no showing of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). Rather, if Plaintiff now wishes to amend her Complaint, she must seek leave pursuant to Rule 15(a)(2).[3]

---

[3] Even if Plaintiff had sought to amend her Complaint as a matter of course within the time limits set forth in Rule 15(a)(1), it is not clear that she could have added the newly named defendants without seeking leave of the Court under Rule 21.

5

C. <u>Plaintiff's Motion for Leave Is Defective</u>.

Plaintiff's Motion for Leave to Amend the Complaint as a Matter of Right does not alter this analysis and does not take the place of a motion for leave under Rule 15(a)(2). First, while the motion purports to seek the Court's leave to amend the Complaint, it was filed after Plaintiff filed her Amended Complaint on the docket and after Plaintiff requested that summons be issued against the newly-named individual defendants. Second, the motion asserts only that Plaintiff is entitled to amend her Complaint as a matter of course. It does not seek leave under Rule 15(a)(2) nor does it address the standard for amending under that provision. Finally, the motion does not attach a proposed Amended Complaint (even though it says that it does). It is not clear from Plaintiff's filings whether the motion is seeking retroactive leave for the Amended Complaint Plaintiff filed six hours earlier, or whether Plaintiff intends to file a second amended complaint, which she neglected to attach to her filing. Because the motion does not include the substance of the proposed amendments, it is not possible for the United States to respond to it at this time. *See Roskam Baking Co.* 288 F.3d at 906; *Nuovo*, 2009 WL 2591687, at

---

Courts in this Circuit are split on this issue. *Compare Nuovo v. Ohio State Univ.*, No. 2:09-cv-312, 2009 WL 2591687, at *2 (S.D. Ohio Aug. 20, 2009) (holding that plaintiff could not amend complaint as a matter of course under rule 15(a) if the amendment would join new parties) *with Perguese v. PNC Bank, N.A.*, 306 F.R.D. 540, 546 (E.D. Mich. 2015) (holding that new parties can be added without court's leave when a party amends pleading as a matter of course); *see also Broyles v. Correctional Med. Servs., Inc.*, No. 08-1538, 2009 WL 3154241 (6th Cir. Jan. 23, 2009) (unpublished opinion). The Court need not address this issue because Plaintiff can only amend her Complaint now with leave of the Court pursuant to Rule 15(a)(2).

6

*2; *Parker v. Breck's Ridge, LLC*, No. 2:17-cv-633, 2019 WL 2223070, at *4 n.2 (S.D. Ohio May 23, 2019).

The United States notes that to the extent Plaintiff seeks leave to file an Amended Complaint substantially similar to the Amended Complaint it filed on June 7, 2019, the United States anticipates opposing the motion on the ground that many, if not all, of the proposed amendments would be futile. For instance, Plaintiff now seeks to assert *Bivens* claims for malicious prosecution against current and former Department of Commerce employees based on her arrest and indictment in 2014. Adding those claims now would be futile, however, because the statute of limitations expired, at the latest, on March 11, 2017—two years after the district court dismissed the indictment and terminated the criminal proceeding. *See Ruff v. Runyon*, 258 F.3d 498 (6th Cir. 2001) (two-year statute of limitations for *Bivens* malicious prosecution claim begins to run when charges are dismissed). Likewise, any new *Bivens* claims based on the pending MSPB appeal would be futile. Those claims are not cognizable because Plaintiff's employment relationship with the Department of Commerce is governed by an elaborate statutory scheme, including the Civil Service Reform Act, which sets forth "comprehensive procedural and substantive provisions giving meaningful remedies against the United States." *Bush v. Lucas*, 462 U.S. 367, 368, 387–90 (1983) (declining to create new *Bivens* claim for federal employees who suffer adverse employment actions); *see also Jones v. TVA*, 948 F.2d 258, 264 (6th Cir. 1991) ("In the field of federal employment, even if no remedy at all has been provided by the CSRA, courts will not create a *Bivens*

7

remedy."); *Leeds v. Potter*, No. 1:04-CV-429, 2005 WL 1420866, at *5 (S.D. Ohio June 16, 2005) ("The Sixth Circuit has consistently held that *Bivens* constitutional claims which arise out of the plaintiff's employment relationship with the federal government are not cognizable because of the comprehensive personnel management system established by Postal Reorganization Act and the Civil Service Reform Act."). Finally, permitting amendments that would not survive a 12(b)(6) motion would impose unnecessary burdens on the former and current Department of Commerce employees who would have to either retain counsel or petition the federal government for individual representation just to respond to the meritless claims against them.

If the Court determines that Plaintiff's Amended Complaint should not be struck, the United States respectfully requests that the Court grant a 60-day extension of time, to and including August 20, 2019, for the United States to file its motion to dismiss or answer. *See* Fed. R. Civ. P. 15(a)(3). The Amended Complaint raises new claims and allegations that will require substantial briefing. A 60-day extension will not prejudice Plaintiff or delay the case because the individual defendants will have 60 days after service to respond to the Amended Complaint. *See* Fed. R. Civ. P. 12(a)(3).

### III. CONCLUSION

For the foregoing reasons, Defendant United States respectfully requests that the Court strike Plaintiff's Amended Complaint (ECF No. 12) and deny Plaintiff's Motion for Leave to Amend the Complaint as a Matter of Right (ECF No. 13).

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

s/ Matthew J. Horwitz
MATTHEW J. HORWITZ (0082381)
KEVIN A. KOLLER (NY 5180609)
Assistant United States Attorneys
Attorneys for the United States of America
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513)684-3711
Fax: (513)684-6972
Email: Matthew.Horwitz@usdoj.gov
Email: Kevin.Koller@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which serves copies to all parties of record.

s/Matthew J. Horwitz
MATTHEW J. HORWITZ (0082381)
Assistant United States Attorney