## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| XIAFEN CHEN,<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | Case No. 1:19-cv-00045<br><br>District Judge Timothy S. Black |

## UNITED STATES OF AMERICA'S REPLY IN SUPPORT OF MOTION TO STRIKE AMENDED COMPLAINT

In her Opposition to the United States' Motion to Strike, Plaintiff asserts she is entitled to amend her Complaint as a matter of course based on her previous motion to extend her time to file a response to the United States' Motion to Dismiss—which she filed only after the United States alerted her that she had missed her original response deadline. Plaintiff did not provide a copy of its motion for an extension of time to the United States before filing, and the United States reasonably understood from its correspondence with Plaintiff's counsel that the motion was seeking only an extension of time in which to file an opposition to the Motion to Dismiss. The United Stated did not consent, and would not have consented, to resurrecting Plaintiff's ability to amend the Complaint as a matter of course to add futile amendments.  The United States respectfully submits that the Court's understanding of its notation order granting the motion for an extension of time controls.  If the Court intended to retroactively extend Plaintiff's deadline to amend as a matter of course, the United States agrees that Plaintiff need not seek

leave of the Court to amend her Complaint.  If that was not the Court's understanding, the United States agrees that the proper course would be a motion for leave to amend under Federal Rule of Civil Procedure 15(a)(2), which would permit the United States an opportunity to set forth its arguments about the futility of the new claims.

## I. United States Did Not Consent to an Extension of Plaintiff's Rule 15(a)(1) Deadline.

Contrary to Plaintiff's assertions, the United States acted at all times with professional courtesy and a desire to see Plaintiff's claims decided on the merits.  It is for these reasons that the United States first alerted Plaintiff's counsel that the deadline to respond to its Motion to Dismiss had passed.  The United States likewise did not oppose Plaintiff's proposed extension of time to file a response to the Motion to Dismiss because it preferred those arguments be resolved on the merits. At no point, however, did the United States understand that it was consenting to a motion that would revive Plaintiff's ability to amend its Complaint as a matter of course after the 21-day window provided by Rule15(a)(1) had passed. The United States did not, and would not have, consented to a motion that permitted Plaintiff to add futile amendments because Rule 15(a)(2) expressly contemplates how amendments should be made after the deadlines in Rule15(a)(1) have passed.

The United States' understanding, *i.e.*, that the motion was limited to extending the deadline to respond to the Motion to Dismiss, was based on communications with Plaintiff's counsel and the course of conduct of both parties.

2

On May 20, 2019, counsel for the United States reached out to Plaintiff's counsel by email to inform them that the deadline to respond to the Motion to Dismiss had passed the prior Friday. (Ex. A.)  A follow-up phone conversation focused solely on Plaintiff's desire to respond to the Motion to Dismiss, with no discussion of whether Plaintiff was also seeking an extension of time to amend her Complaint as a matter of course.

While Plaintiff now focuses on the language of its motion for an extension of time and proposed order, Plaintiff never provided a copy of the motion or the proposed order to the United States prior to its filing.  Rather, Plaintiff's counsel sent an email noting the parties had agreed to "a three-week extension of time to file in response to [the] Motion to Dismiss." (Ex. B.) The email attached a word document titled "Chen Plaintiff Notice of extension.docx." The attachment, however, was blank other than the case caption and a header that read "Notice of Stipulation for Extension of Time to Answer, Move, or Otherwise Plead." (Ex. B.) While the header referenced pleading, the United States assumed that the header, like the rest of the document, was composed in error because it also purported to extend Plaintiff's time to "Answer"—a procedural option not available to Plaintiff in this case.[1]

---

[1] The email also indicated that Plaintiff's motion would mirror the language contained in a prior stipulation extending the United States' time to respond to Plaintiff's Complaint. (Ex. B.) The United States did not construe this as a request to extend the time to amend under Rule 15(a)(1) because the prior stipulation did not implicate the Rule 15 deadlines.

3

Counsel for the United States replied to Plaintiff's counsel noting various errors in Plaintiff's proposed motion including that it was blank. The email indicated "[y]ou are welcome to note that we do not oppose, or that we concur with your requested extension." (Ex. C.) Plaintiff's counsel did not circulate a revised draft, and the United States was not able not view the text of the motion or proposed order until they were filed later that day. At that point, the United States recognized the motion's text to be confusing because some of the requested relief was clearly not available to Plaintiff and some went beyond what the United States believed the parties had agreed to. Had Plaintiff actually circulated its language prior to filing, the United States would have requested clarification and the limiting language that Plaintiff now proposes. The United States did not raise an objection after the filing because it interpreted the Court's notation order, issued one day later, to be limiting relief to extending the time to file a response to the Motion to Dismiss—which was all that the United States understood Plaintiff to be requesting. And as numerous courts have held, extending the time to respond to a motion to dismiss does not extend the time to amend a complaint as a matter of course. *See, e.g., Webb v. Republic Bank & Trust Co.*, No. 3:11-cv-423, 2012 WL 2254205, at *2 (W.D. Ky. June 15, 2012) (collecting cases).

Finally, the United States' understanding that the Court's notation order did not revive Plaintiff's ability to file an Amended Complaint as a matter of course was consistent with the parties' subsequent conduct. Specifically, on June 5, 2019, Plaintiff's counsel emailed counsel for the United States that Plaintiff intended to

4

file an Amended Complaint and requested that the United States not oppose the filing.  (Ex. D.) Had the prior motion actually extended Plaintiff's right to file an Amended Complaint as a matter of course under Rule 15(a)(1), no such request would have been necessary.  Accordingly, the United States interpreted this email to be consistent with its understanding that the prior motion did not extend the Rule 15(a)(1) deadline and that Plaintiff was appropriately seeking consent to file an Amended Complaint under Rule 15(a)(2). Counsel for the United States indicated that it could not consent to the filing of an Amended Complaint until it first reviewed the substance of the Amended Complaint to determine whether any of the proposed amendments would be futile.  Counsel had no further communication before Plaintiff filed the Amended Complaint on June 7, 2019.

## II.     The Court's Understanding of Its Notation Order Should Control.

The United States agrees that the Court's interpretation of its notation order is controlling.  If the Court intended to retroactively extend the Rule 15(a)(1) deadline to amend as a matter of course from May 17 to June 7, 2019, then Plaintiff is entitled to amend as a matter of course, but may be required to seek leave to add new parties pursuant to Rule 21. *Compare Nuovo v. Ohio State Univ.*, No. 2:09-cv-312, 2009 WL 2591687, at *2 (S.D. Ohio Aug. 20, 2009) (holding that plaintiff could not amend complaint as a matter of course under rule 15(a) if the amendment would join new parties) *with Perguese v. PNC Bank, N.A.*, 306 F.R.D. 540, 546 (E.D. Mich. 2015) (holding that new parties can be added without court's leave when a party amends pleading as a matter of course). The United States also agrees with

Plaintiff that she is entitled to seek leave to amend under Rule 15(a)(2) if the Court determines that the Rule15(a)(1) deadline was not extended.  The United States seeks only an opportunity to address why many of the proposed amendments, including the time-barred *Bivens* claims, are futile.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney


 s/ Matthew J. Horwitz
MATTHEW J. HORWITZ (0082381)
KEVIN A. KOLLER (NY 5180609)
Assistant United States Attorneys
Attorneys for the United States of America
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513)684-3711
Fax: (513)684-6972
Email: Matthew.Horwitz@usdoj.gov
Email: Kevin.Koller@usdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of June, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which serves copies to all parties of record.

s/Matthew J. Horwitz
MATTHEW J. HORWITZ (0082381)
Assistant United States Attorney